UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BALTICA-TRANS LTD.,

                      Plaintiff,

    v.

OOO CENTER a/k/a CENTER LTD.
a/k/a CENTR LTD.,

                      Defendant.

**MEMORANDUM & ORDER**

09 Civ. 2560 (LBS)

---

SAND, J.

In light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009), the Court issued an order to show cause as to why the order of attachment issued in this action should not be vacated, any attached funds released, and this action dismissed. Plaintiff responded to this order to show cause. For the following reasons, the order of attachment issued in this case is vacated and this case is dismissed without prejudice or costs to any party.

**I.    Discussion**

In *Jaldhi*, the Court of Appeals for the Second Circuit held that Electronic Funds Transfers ("EFTs") in the temporary possession of an intermediary bank are not the property of the originator or the beneficiary of the transfer under New York law, and are not attachable under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, overruling *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). *Jaldhi*, 585 F.3d 58. In *Hawknet, Ltd. v. Overseas Shipping Agencies, et al.*, 590 F.3d 87 (2d Cir. 2009), the Court of Appeals held in an amended opinion that the rule in *Jaldhi* applies retroactively.

1

Plaintiff submits that the restrained funds were a direct wire transfer from the originator to the beneficiary rather than an EFT, and therefore, *Jaldhi* is inapplicable to this case. In support of this contention, Plaintiff relies on a letter submitted to the Court by Defendant in Russian on April 30, 2009. Although this letter was accompanied by an English translation provided by Defendant, Plaintiff undertook its own translation. Plaintiff states that "We have been advised by our instructing solicitor [(presumably, Plaintiff's Russian arbitration counsel)] that the Defendant's April 30, 2009 letter contains detailed information concerning the nature of the attached funds and the wire transfer's intended beneficiary. . . . For Your Honor's ready reference, a free translation of the relevant portions of the April 30, 2009 letter to the Court is enclosed herein." (Pl's. Dec. 14, 2009 Letter, at 2.)

Defendant's translation, which was attached to the April 30, 2009 letter, states that Defendant made "an ordinary bank transfer." (Def's. Apr. 30, 2009 Letter, at 1.) Plaintiff's alternate translation states that Defendant "transferred by means of a wire transfer." (Pl's. Dec. 14, 2009 Letter, at 2.) Plaintiff contends that the description of the transfer as a "wire transfer" suggests that the restrained funds were not EFTs and that the attached funds are not subject to vacatur pursuant to *Jaldhi*.

Plaintiff's alternative translation of a Russian letter, a translation that directly contradicts the translation provided by the author, does not provide this Court with sufficient grounds to maintain the attachment in light of *Jaldhi*. Cf. *Armada (Singapore) Pte. Ltd. v. Ashapura Minechem Ltd.*, No. 08 Civ. 8258 (CM), 2010 WL 1253174, at *1 (S.D.N.Y. Mar. 24, 2010) ("Plaintiff argues [that] the attached funds *may not* be Electronic Fund Transfer ("EFTs") held by intermediary banks. . . . Plaintiff's arguments are without merit. . . . As for the nature of the attached funds, [P]laintiff has not made any showing that the attached funds are anything other

2

than EFTs held by intermediary banks.") (emphasis in original); *Algonquin Shipping Corp. v. Hubel Shipping Co. Ltd.*, No. 08 Civ. 8041 (JSR), 2009 WL 4927951, at *1 (S.D.N.Y. Dec. 16, 2009) ("Plaintiff objected to the motion on the ground that Bank of China was also the originating bank, and therefore the EFT involved only a 'book transfer.' Plaintiff has not provided any evidence to support this claim.").

## II.   Conclusion

For the reasons stated above, the order of attachment issued in this case is hereby vacated, and we order the funds attached pursuant to that order released immediately. As the Plaintiff has not put forth a basis for personal jurisdiction over the Defendant other than the attached funds, this case is dismissed without prejudice or costs to any party for lack of personal jurisdiction. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: _____, 2010
       New York, NY

_____
U.S.D.J.

3